1  Jennifer B. Zargarof (SBN 204382)
   jzargarof@sidley.com
2  Sonia A. Vucetic (SBN 307414)
   svucetic@sidley.com
3  SIDLEY AUSTIN LLP
   555 West Fifth Street
4  Los Angeles, CA 90013
   Telephone: +1 213 896 6058
5  Facsimile: +1 213 896 6600

6

7  Attorneys for Defendants
   CVS Health Corporation; CVS Pharmacy,
   Inc.; Garfield Beach CVS, LLC; and CVS
8  Rx Services, Inc.

9              UNITED STATES DISTRICT COURT

10             NORTHER DISTRICT OF CALIFORNIA

| | |
|---|---|
| 11  RYAN HYAMS, an individual, on behalf of himself, and all others similarly situated, , <br><br> 13           Plaintiff, <br><br> 14       vs. <br><br> 15  CVS HEALTH CORPORATION, a Rhode Island Corporation; CVS PHARMACY, INC., a Rhode Island Corporation; GARFIELD BEACH CVS, LLC, a California Corporation; and CVS RX SERVICES, INC., a New York Corporation; DOES 1 through 25, inclusive, , <br><br>           Defendants. | CASE NO. _____ <br><br> **NOTIVE OF REMOVAL PURSUANT TO 28 U.S.C. § 1332, 1441 AND 1446** <br><br> State Case No.: CGC-18-569060 <br><br> State Complaint Filed: August 21, 2018 <br><br> First Amended State Complaint Filed: September 7, 2018 <br><br> State Action Served: September 12, 2018 |

ACTIVE 236352619v.1

TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA:

PLEASE TAKE NOTICE that Defendants CVS Health Corporation, CVS Pharmacy, Inc., Garfield Beach CVS, LLC and CVS Rx Services, Inc. (collectively, "Defendants"), hereby remove the state court action captioned *Ryan Hyams, et al. v. CVS Health Corporaton, et al.*, Case No. CGC-18-569060 (the "State Court Action"), from the California Superior Court for the County of San Francisco to this United States District Court for the Northern District of California pursuant to 28 U.S.C. §§ 1332, 1441(a)-(b), and 1446. In support of this Notice, Defendants state as follows:

## THE PARTIES AND THEIR CITIZENSHIP

1. Defendant CVS Health Corporation is now, and was during all relevant times, a corporation organized under the laws of the Delaware, with its principal place of business in Woonsocket, Rhode Island. Declaration of Melanie Luker ("Luker Decl.") at ¶¶ 3-5. Thus, CVS Health Corporation is a citizen of Rhode Island for purposes of diversity jurisdiction, and is not a citizen of California. 28 U.S.C. § 1332(c).

2. Defendant CVS Pharmacy, Inc. is now, and was at all relevant times, a corporation organized under the laws of the State of Rhode Island, with its principal place of business in Woonsocket, Rhode Island. *Id.* at ¶¶ 9-11. Thus, CVS Pharmacy, Inc. is a citizen of Rhode Island for purposes of diversity jurisdiction, and is not a citizen of California. 28 U.S.C. § 1332(c).

3. Defendant CVS Rx Services, Inc. is now, and was at all relevant times, a corporation organized under the laws of the State of New York, with its principal place of business in Woonsocket, Rhode Island. *Id.* at ¶¶ 6-8. Thus, CVS Rx Services, Inc. is a citizen of the States of New York and Rhode Island for purposes of diversity jurisdiction, and is not a citizen of California. 28 U.S.C. § 1332(c)(1).

4. Defendant Garfield Beach CVS, LLC is now, and was at all relevant

times, a limited liability company organized under the laws of the State of California. Luker Decl. at ¶ 12. For purposes of diversity jurisdiction, however, a limited liability company takes on the same citizenship as its owners/members. *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). Garfield Beach CVS, LLC's sole member is CVS Pharmacy, Inc. Luker Decl. at ¶ 12. As set forth above, CVS Pharmacy, Inc. is a citizen of the State of Rhode Island. Luker Decl. at ¶ 12. Accordingly, Garfield Beach CVS, LLC is also a citizen of the State of Rhode Island, and is not a citizen of the State of California. *See Johnson*, 437 F.3d at 899.

5. Plaintiff Ryan Hyams ("Plaintiff") was a California employee of CVS. Plaintiff is a resident of California. First Amended Complaint ("FAC") at ¶ 3. Defendants' records also show Mr. Hyams's last known address as 1160 Mission Street, Unit 1810, San Francisco, California 94103. Declaration of Sonia A. Vucetic ("Vucetic Decl."), at ¶ 8. Residence is *prima facie* evidence of domicile. *See State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994). Accordingly, Plaintiff is a citizen of the state of California, and, for purposes of diversity jurisdictions, is not a citizen of the States of Rhode Island, New York or Delaware.

6. The putative class is alleged to consist of "current and former [pharmacists] of DEFENDANTS in the State of California at any time within the period beginning four (4) years prior to the filing of this action and ending at the time this action settles or proceeds to final judgment . . . ." FAC ¶ 15.

7. Defendants' company records indicate that the vast majority of these putative class members have last known addresses located within the state of California. Vucetic Decl. at ¶ 7. Therefore, Defendants assert and affirmatively allege that at least one (and probably almost all) of the members of this putative class are not citizens of the State of Rhode Island or Delaware, and are instead citizens of California.

## TIMELINESS OF REMOVAL

8. The State Court Action was filed in the Superior Court for the County of San Francisco on or about August 21, 2018. *Id.* at ¶ 2. The First Amended Complaint was filed on September 7, 2018. *Id.* at ¶ 2. On September 12, 2018, Mr. Hyams served Defendants CVS Health Corporation, CVS Pharmacy, Inc. and CVS RX Services, Inc. *Id.* at ¶ 3. After receipt and review of the First Amended Complaint, Defendants became aware of the grounds for removal pursuant to the Class Action Fairness Act. Thus, this Notice of Removal is timely, having been filed prior to the expiration of thirty days "after receipt by the defendant, through service or otherwise, of a copy of an amended pleading . . . from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b).

## REMOVAL JURISDICTION UNDER THE CLASS ACTION FAIRNESS ACT

9. This Court has original jurisdiction over this action under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d). In relevant part, CAFA grants district courts original jurisdiction over civil class actions filed under federal or state law where the following factors are met: (1) any member of a class of plaintiffs is a citizen of a state different from any defendant; (2) the putative class size exceeds 100 persons; (3) the aggregate amount in controversy exceeds $5,000,000, exclusive of interest and costs; and (4) the primary defendants are not states, state officials, or other government entities against whom the district court may be foreclosed from ordering relief. As set forth below, this case meets all of CAFA's requirements for removal and is timely and properly removed by the filing of this Notice.

### Minimal Diversity

10. In the present case, the minimal diversity requirement of the CAFA has

been met. As noted above, Defendants are citizens of Rhode Island, Delaware, and New York, and Plaintiff is a citizen of California, and at least one member of the putative class is a citizen of a state other than Rhode Island, Delaware, or New York. FAC at ¶ 3; Luker Decl., ¶¶ 3-5, 6-8, 9-12. Accordingly, the minimal diversity requirement of the CAFA is satisfied in two separate and equally sufficient manners. See 28 U.S.C. § 1332(d)(2)(A), (B).

11. Additionally, Defendants are not states, state officials, or other government entities against whom the district court may be foreclosed from ordering relief.

### The Proposed Class Contains At Least 100 Members

12. With respect to the CAFA requirement of numerosity, Plaintiff brings this action on behalf of himself and all "current and former [pharmacists] of DEFENDANTS in the State of California at any time within the period beginning four (4) years prior to the filing of this action and ending at the time this action settles or proceeds to final judgment . . . ." FAC at ¶ 15. Defendants' records confirm that the proposed class contains over 5,800 members. Vucetic Decl. at ¶ 7.

### The Amount In Controversy Exceeds $5 Million

13. While Plaintiff's First Amended Complaint does not set forth the precise amount of money being sought from Defendants, the allegations herein make it clear that the aggregated amount in controversy for the putative class exceeds $5,000,000. See 28 U.S.C. § 1332(d)(6) ("the claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000").

14. Defendants' burden to demonstrate the amount in controversy is low. They need to show only that there is "reasonable probability that the stakes exceed [the $5,000,000] minimum." *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 449 (7th Cir. 2005).

15. Plaintiff asserts causes of action for: (1) Failure to Provide Required

Meal Breaks; (2) Failure to Authorize and Permit Required Rest Breaks; (3) Failure to Pay Overtime; (4) Failure to Pay Minimum Wages; (5) Failure to Pay Timely Wages Due at Termination/Waiting Time Penalties; (6) Failure to Pay All Wages; (7) Failure to Reimburse for Employment Related Expenses; (8) Failure to Maintain Required Records; (9) Failure to Furnish Accurate Itemized Wage Statements; (10) Failure to Provide Written Notice of Paid Sick Leave; (11) Failure to Provide One Day's Rest in Seven; (12) Failure to Comply with California Labor Code Section 850 and 851; (13) Unfair and Unlawful Business Practices; and (14) Penalties under the California Labor Code Private Attorneys General Act, as Representative Action. Plaintiff pursues these claims on behalf of the putative class/putative collective.

      16. Plaintiff alleges, among other things, that Plaintiff and the putative class "were subject to the same policies, practices and conduct that [have knowingly] resulted in . . . Routinely working through meal and/or rest breaks without proper compensation for the same, including payment of penalties for interrupted meal and/or rest breaks . . . Routinely working off-the-clock when answering work-related text messages and/or when forced by management to continue to work while clocked out, without receiving wages, premium pay, or minimum wages for the off-the-clock time worked . . . No compensation for unpaid wages and/or premium pay at the time of termination . . . Use of personal cell phones without adequate reimbursement . . . Receipt of inaccurate wage statement . . . Lack of receipt of adequate written notice of paid sick leave; g. Routinely working without receiving one day's rest in seven . . . Routinely working in excess of the prescribed time limitations set forth in Labor Code sections 850 and 851." FAC at ¶¶ 28, 33-41. Plaintiff further alleges that Defendants "acted pursuant to common, company-wide policies and practices regarding the provision of meal and/or rest breaks; the practice of requiring employees to work off-the-clock; scheduling employees for work; the Company's payroll and wage payments to employees, including the provision of wage statements; reimbursements of necessary business expenses; time

and pay recordkeeping; and notice to employees of paid sick leave." FAC at ¶ 29.

17. Plaintiff further alleges that his claims "are typical of all class members" (FAC ¶ 48(B)) and seeks, among other things, compensatory damages, restitution, liquidated damages, penalties, and injunctive relief. (Prayers 1, 2, 4, 5, 6, 7).

### a. Waiting Time Penalties, Cause of Action 5.

18. Plaintiff alleges that he and putative class members are entitled to waiting-time penalties and seeks "30 days' worth of their average daily wages as a penalty under Labor Code section 203." FAC at ¶ 96.

19. California Labor Code §§ 201, 202 and 203 require timely payment of wages upon termination of employment (immediately for fired employees, and within 72 hours if an employee quits). If an employer willfully violates these requirements, Cal. Labor Code § 203 states that the employer must pay a "penalty" to the employee of the employee's regular wage rate for each day the wages remain unpaid up to 30 days.

20. According to company records, Mr. Hyams made $76 per hour at the time of the termination of his employment. Vucetic Decl. ¶ 10; Declaration of Howard Kobey ("Kobey Decl."), at ¶¶ 3-4; *see also* FAC at ¶ 5.

21. According to company records, over 2,200 individuals who fall within Mr. Hyams' class definitions are former employees, *i.e.*, potentially entitled to waiting time penalties pursuant to Cal. Labor Code § 203. Vucetic Decl. at ¶ 8; Kobey Decl. at ¶¶ 3-4. According to company records, the average rate of pay for the former employees who fall within Mr. Hyams' class definition is $65. Vucetic Decl. at ¶ 15; Kobey Decl. at ¶¶ 3-4.

22. Thus, Mr. Hyams' waiting-time claim (Cause of Action 5) alone puts over $34,320,000 at issue. ($65 per hour * 8 hours per day * 30 days * 2,200 individuals).

### b. Total Amount In Controversy

23. Assuming the truth of Plaintiff's allegations, and even looking at only

one of his 14 claims, the amount in controversy in this case far exceeds $5,000,000. Plaintiff's waiting time claims alone put over $34,320,000 at issue.

24. This amount does not include additional amounts for Plaintiff's alleged wage statement claims, meal and rest break penalties, unpaid overtime, underpayment of wages due, reimbursement of business expenses owed, and attorney fees on behalf of the putative class. Thus, the amount in controversy threshold has been met and it is clear that there is "a reasonable probability that the stakes exceed $5,000,000." *Brill*, 427 F.3d at 448-89. Accordingly, removal is proper. 28 U.S.C. § 1332(d).

25. Further, while 28 U.S.C. § 1332(d)(3) & (4) does recognize situations where this Court may or must decline jurisdiction despite the fact that the minimal diversity and the amount in controversy requirements of §1332(d)(2) are satisfied, this case does not fall into either category because Defendants are not citizens of California. *See* 28 U.S.C. § 1331(d)(3) (discretionary declination of jurisdiction is limited to situation where "the primary defendants are citizens of the state where the action was originally filed") and 1332(d)(4)(A) (local controversy mandatory declination limited to where "at least one defendant is . . . a citizen of the State in which the class action was filed"); *see also* 1331(d)(4)(B) (home state controversy mandatory declination limited to cases where "the primary defendants are citizens of the State in which the action was originally filed"). Additionally, Plaintiff shoulders the burden of establishing that any of these exceptions apply. *Hart*, 457 F.3d at 681 ("Our holding [is] that the plaintiff has the burden of persuasion on the question whether the home-state or local controversy exceptions apply.").

//

//

## VENUE

26. Venue is proper in the Northern District of California pursuant to 28 U.S.C. §§ 84(a) and 1441(a) because it is the district embracing San Francisco

County, California, the county in which the State Court Action was pending. Venue is also proper in the Northern District of California pursuant to 28 U.S.C. § 1391(b)(2), because a substantial part of the events giving rise to the alleged claims occurred in the Northern District of California. FAC at ¶¶ 5-14.

## DEFENSES

27. The removal of this action to the Northern District of California does not waive Defendants' ability to assert any defenses in this action.

## PLEADINGS

28. On August 21, 2018, Plaintiff filed a Complaint captioned *Ryan Hyams v. CVS Health Corporation, et al.*, Case No. CGC-18-569060, in the Superior Court of the State of California, County of San Francisco. Vucetic Decl. at ¶ 2. On September 7, 2018, Plaintiff filed a First Amended Complaint ("FAC") to add a Private Attorneys General Act of 2004 ("PAGA") claim. *Id.* at ¶ 2. On September 12, 2018, Defendants received service of the Summons and First Amended Complaint, along with a Notice of Case Management Conference and an Alternative Dispute Resolution Program Information Packet. On October 10, 2018, Defendant filed and served an Answer to the First Amended Complaint. *Id.* at ¶ 4.

29. Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleading, and orders served upon and by Defendants is attached hereto as Exhibits 1-4.

## NOTICE TO PLAINTIFF AND THE STATE COURT

30. Pursuant to 28 U.S.C. § 1446(d), in addition to serving a copy of this Notice of Removal on counsel for Plaintiff, Defendants are filing in the San Francisco Superior Court and serving upon counsel for Plaintiff a separate document entitled "Notice of Filing of Notice of Removal to Federal Court."

Accordingly, Defendants respectfully request that the State Court Action be removed in its entirety to this Court.

Date: October 12, 2018

SIDLEY AUSTIN LLP

By: _____
Jennifer B. Zargarof
Sonia A. Vucetic
Attorneys for Defendants