UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

| | |
|---|---|
| RYAN HYAMS, et al., <br><br> Plaintiffs, <br><br> v. <br><br> CVS HEALTH CORPORATION, et al., <br><br> Defendants. | Case No. 18-cv-06278-HSG (RMI) <br><br> **ORDER ON DISCOVERY** <br> Re: Dkt. Nos. 67, 69 |

On March 31, 2020, the undersigned held a hearing on several discovery disputes and resolved all but one issue regarding a deposition topic upon which the parties were instructed to submit supplemental briefing (dkt. 59). The parties submitted a joint supplemental letter brief (dkt. 67), and Defendants submitted a separate brief to address an argument that Plaintiffs did not include in the version they exchanged with Defendants prior to filing (dkt. 69).[1] The outstanding discovery dispute concerns whether Plaintiffs are entitled to inquire about the cost of full-time employee benefits. *See* Jt. Ltr. Br. (dkt. 56) at 7-8. In their portion of the brief, Plaintiffs argue that the benefits information is discoverable as relevant compensation which they may be due as restitution under the California Business & Professions Code §17200, *et. seq.* ("UCL"). *See* Suppl. Ltr. Br. (dkt. 67) at 1-2. Defendants argue that full-time employee benefits are not relevant to any claims or defenses, and thus, outside the scope of discovery. *Id*. at 3-4.

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). Additionally, "[f]or good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant

---

[1] In its separate brief, Defendants state that the parties agreed to, and did, exchange their portions of the supplemental brief prior to filing with the court to give one another an opportunity to review and respond to the arguments presented. In the filed brief, however, Plaintiffs presented a new argument – that the requested discovery is relevant to Labor Code Sections 850 and 851 – that was not in the exchanged version. *See* (dkt. 69).

information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id*. The UCL proscribes unlawful business practices, and it "'borrows violations of other laws and treats them as unlawful practices that the unfair competition law makes independently actionable.'" *Puentes v. Wells Fargo Home Mortg., Inc.*, 160 Cal. App. 4th 638, 644 (Cal. Ct. App. 2008) (quoting *Cel-Tech Commc'ns, Inc. v. Los Angeles Cellular Telephone Co.*, 20 Cal. 4th 163, 180 (Cal. 1999)).

In their Complaint, Plaintiffs allege that Defendants committed the following labor violations: 1) failure to provide uninterrupted meal periods; 2) failure to authorize and permit rest breaks; 3) failure to pay overtime; 4) failure to pay minimum wages; 5) failure to pay timely wages due at termination/waiting time penalties; 6) failure to timely pay all wages; 7) failure to reimburse for employment related expenses; 8) failure to maintain required records; 9) failure to furnish accurate itemized wage statements; 10) failure to provide notice of paid sick leave; 11) failure to provide one day's rest in seven; and 12) failure to comply with Labor Code Sections 850 and 851. *See generally*, Second Am. Compl. ("SAC") (dkt. 22). Plaintiffs argue that their claim under Labor Code Sections 850 and 851 is the basis for discovery of full-time employee benefits information. Suppl. Ltr. Br. (dkt. 67) at 1. Labor Code Section 850 provides that "[n]o person employed to sell at retail drugs and medicines or to compound physicians' prescriptions shall perform any work in any store, dispensary, pharmacy, laboratory, or office for more than an average of nine hours per day, or for more than 108 hours in any two consecutive weeks . . . ." Cal. Lab. Code § 850. Section 851 prohibits employers from "requiring or permitting" employees covered by Section 850 to work more than the maximum hours prescribed therein. *See* Cal. Lab. Code § 851.

Plaintiff alleged in the SAC that "Defendants required Plaintiff and the Pharmacy Employee Subclass to work in excess of the hours prescribed by Labor Code Section 850." SAC (dkt. 22) at 28. By way of facts, Plaintiff Duhon alleged that at all relevant times, she was a pharmacy cashier and technician for Defendants, and throughout her employment she was unable to take uninterrupted rest breaks due to Defendants' understaffing, fill-time metrics, and an emphasis on servicing customers as quickly as possible to avoid negative survey responses. *Id*. at

5. In the joint supplemental brief, Plaintiffs argue that they are entitled to discovery of the cost of full-time benefits "initially provided to and then taken away from Plaintiff Duhon and other aggrieved employees as a result of [Defendants'] illegal and unfair understaffing in violation of Labor Code sections 850 and 851." Suppl. Ltr. Br. (dkt. 67) at 1. They assert that "by failing to abide by California laws regarding staffing levels for those employed to sell retail drugs and medicine, [Defendants] deprived [Plaintiffs] of a 32 [] hour week schedule which resulted in the loss of value of employment benefits associated with full-time work." *Id*. In its portion of the brief, Defendants argue that full-time employee benefits are not relevant to any of Plaintiffs' claims. *Id*. at 3-4. In its separate brief, Defendants add that Labor Code Sections 850 and 851, like the remainder of Plaintiffs' claims, do not place full-time employee benefits at issue in this case because those provisions set maximum work hours for employees who "sell drugs at retail." *See* (dkt. 69). Defendants emphasize that because the UCL does not proscribe any specific conduct, Plaintiffs are required to allege that Defendants violated some other law – a predicate offense. Something Defendants argue that Plaintiffs cannot do because working less than full time is not a violation of Labor Code Sections 850 and 851.

Indeed, California Labor Code Sections 850 and 851 set the maximum allowable work hours for pharmacy employees. In the SAC, Plaintiffs allege that Defendants' understaffing led to pharmacy employees regularly working in excess of the maximum allowable work hours, and that employees could not take uninterrupted breaks as required under California law due to understaffing. In their requests for discovery, Plaintiffs add that Defendants' understaffing simultaneously resulted in too few hours for other pharmacy employees; specifically, Plaintiff Duhon went from full-time to part-time employment which deprived her of the associated full-time benefits. Therefore, Plaintiffs allege, in their discovery letter brief, but not in the operative complaint, that because Defendants scheduled some people to work too many hours in violation of Labor Code Sections 850 and 851, other employees were scheduled part-time and deprived of both work hours and benefits associated with full-time employment.

It appears that Plaintiffs are arguing that the understaffing was a cause that gave rise to two effects – scheduling excessive hours and scheduling too few hours. The latter effect could have

3

been avoided if Defendants did not require some employees to work an unlawful amount of hours. Their logic is that if Defendants had distributed the hours among the pharmacy staff in accordance with the law, then Plaintiff Duhon and others similarly situated would have been scheduled for full-time shifts and received benefits. The thrust of this allegation is that Defendants violated labor laws in order to have fewer full-time employees to whom they would owe benefits. In other words, the understaffing policy resulted in some employees working too many hours and other employees working fewer hours. The issue for Plaintiffs is that the former is unlawful while the latter is not. Plaintiffs attempt to allege the inverse of the proscribed conduct from Labor Code Sections 850 and 851 in a discovery letter brief. Those code sections guarantee pharmacy employees that they will not be required to work too many hours; it does not guarantee that they will be scheduled for no less than a minimum amount of hours or for any benefits that accompany full-time work. Thus, the undersigned finds discovery on the cost of full-time employee benefits is not relevant to Plaintiffs' claim under the UCL predicated on Labor Code Sections 850 and 851.

Believing this discovery to be relevant to the claim for excessive overtime, most of Plaintiffs' portion of the brief is dedicated to arguing that full-time benefits are just as much a part of "compensation" as are wages, which are the typical form of restitution in UCL claims predicated on violations of employment law. The undersigned does not resolve this issue because the discovery sought is not relevant to any of Plaintiffs' claims.

Therefore, Plaintiffs' request to take deposition testimony about the cost of full-time employee benefits, identified as Topic 65 in the original discovery letter brief (dkt. 56), is **DENIED**.

**IT IS SO ORDERED.**

Dated: April 29, 2020

ROBERT M. ILLMAN
United States Magistrate Judge