UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

RYAN HYAMS, et al.,

    Plaintiffs,

v.

CVS HEALTH CORPORATION, et al.,

    Defendants.

Case No. 18-cv-06278-HSG (RMI)

**ORDER RE: DISCOVERY DISPUTE**

Re: Dkt. Nos. 116, 117

    Now pending before the court is a discovery dispute concerning Plaintiffs' request to compel the lifting of certain redactions found in documents that Defendant CVS had previously transmitted to its third-party agent responsible for administering its payroll systems. CVS contends that the redactions are justified by the attorney-client privilege because they contain legal advice from counsel directing CVS to make certain changes to its payroll systems and that it was necessary to communicate this legal advice to its agent responsible for administering its payroll systems such that counsel's advice could be properly understood and effectuated. Plaintiffs contend that CVS cannot meet its burden to avail itself of the privilege because: (1) there is no evidence that there is an attorney-client relationship between CVS and its third-party agent responsible for administering its payroll systems; or, (2) that an attorney participated in the creation or distribution of the forms or documents transmitted to CVS's payroll administration agent; and, (2) that, in any event, the documents appear to be routine paperwork regarding a system change, such that the un-redacted portions of the documents appear to Plaintiffs as being routine business paperwork. *See* Joint Ltr. Br. (dkt. 116) at 1-2.

    At oral argument, the court asked counsel for CVS two questions: (1) whether the few

redacted lines in the documents in question contain a discussion of legal advice or legal strategy from CVS's counsel; and (2) whether it was reasonably necessary to distribute or disseminate that legal advice or legal strategy to its third-party payroll administrator. *See e.g., U.S. Specialty Ins. Co. v. Capitol Films U.S.*, LLC, No. CV077206AHMAGRX, 2008 WL 11340369, at *4–5 (C.D. Cal. Oct. 7, 2008) ("The attorney-client privilege extends to confidential communications shared with those who are present to further the interest of the client in the consultation or those to whom disclosure is reasonably necessary for the transmission of the information or the accomplishment of the purpose for which the lawyer is consulted.") (internal quotation marks and citations omitted). Counsel for CVS answered both questions in the affirmative. Because CVS has made this representation in its brief, as well as through counsel at oral argument, the court relies on these representations and finds that the privilege applies. Accordingly, Plaintiffs' motion to compel the production of this information is **DENIED**.

**IT IS SO ORDERED.**

Dated: October 8, 2020

_____
ROBERT M. ILLMAN
United States Magistrate Judge