1

2

3

4 UNITED STATES DISTRICT COURT

5 NORTHERN DISTRICT OF CALIFORNIA

6

7 RYAN HYAMS, et al.,          Case No. 18-cv-06278-HSG

8            Plaintiffs,       **ORDER GRANTING MOTION TO**

9      v.                  **STAY**

                           Re: Dkt. No. 132

10 CVS HEALTH CORPORATION, et al.,

11            Defendants.

12

13      Before the Court is the motion filed by Defendants CVS Health Corporation, CVS

14 Pharmacy, Inc., Garfield Beach CVS, LLC, and CVS (collectively, "Defendants" or "CVS") to

15 stay proceedings pending the resolution of the request for final settlement approval in a related

16 action, *Chalian et al. v.CVS Pharmacy, Inc. et al.*, C.D. Cal. Case No. 2:16-cv-08979-AB-AGR

17 ("*Chalian*").  Plaintiffs Ryan Hyams and Regine Duhon (collectively "Plaintiffs") oppose the

18 motion and request that the Court proceed with hearing Plaintiffs' pending motions for class

19 certification and partial summary judgment.  Briefing on the motion is complete.  Dkt. Nos. 132

20 ("Mot."), 149 ("Opp."), and 154 ("Reply").

21      Given the forthcoming final settlement approval hearing in *Chalian*, the Court exercises its

22 discretion to grant Defendants' motion.  *See Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)

23 ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the

24 disposition of the causes on its docket with economy of time and effort for itself, for counsel, and

25 for litigants.").  In deciding whether to issue a stay, the Court considers three factors: (1) "the

26 possible damage which may result from the granting of a stay;" (2) "the hardship or inequity

27 which a party may suffer in being required to go forward;" and (3) "the orderly course of justice

28 measured in terms of the simplifying or complicating of issues, proof, and questions of law which

United States District Court
Northern District of California

United States District Court
Northern District of California

could be expected to result from a stay." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962).

Defendants argue that the pending settlement "will impact more than 20,000 putative class members and numerous putative aggrieved employees in this case," *see* Mot. at 11; Reply at 1, and Plaintiffs concede that the *Chalian* case has "some overlapping claims and some overlapping putative class members." *See* Opp. at 4. In fact, Plaintiffs' counsel has made concerted, and potentially concerning, efforts to communicate with the *Chalian* settlement class members. After filing the motion to stay, Defendants notified the Court of their application for a temporary restraining order against Plaintiffs' counsel for their actions taken in the *Chalian* case. *See* Dkt. No. 141.

On October 30, 2020, the *Chalian* court issued a temporary restraining order and an order to show cause why a preliminary injunction should not issue. Dkt. No. 147, Ex. A ("*Chalian* TRO"). The *Chalian* court found that the *Hyams* Plaintiffs' counsel made "misleading" or "inaccurate" statements to class members "about the procedural posture and history of the class action case and settlement, the valuations of the claims at issue, [that court's] prior rulings on the fairness of the settlement, and the characterization of the conduct among counsel involving the claims at issue in both this matter and in the *Hyams* case." *Id.* at 7–8.

At the subsequent hearing on November 13, the *Chalian* court reaffirmed its finding that "*Hyams* counsel made misleading or inaccurate statement to class members after the class was sent the Court-authorized notice of settlement." *See* Dkt. No. 155, Ex. A ("*Chalian* Order Declining to Enter Preliminary Injunction and Issuing Corrective Notice"). Based on the assurances of Plaintiffs' counsel in *Hyams* that they would "not attempt to initiate further contact with any class members," the court declined to enter a preliminary injunction. *Id.* at 1. However, in light of its "paramount concern that existing opt-outs were based on misleading or inaccurate information," the court invalidated the opt-out forms solicited through the *Hyams* website and ordered the issuance of a corrective notice with an opt-out deadline of December 4, 2020, the date set for the final approval hearing. *Id.* at 1–3.

In reviewing Defendants' request for a stay, it is apparent from the nature of the claims that the decision concerning the final settlement agreement in *Chalian* may impact the pending motions in this case. The Court agrees that proceeding without knowing the outcome in *Chalian*

2

would lead to an inefficient use of both the parties' and judicial resources.  *See* Mot. at 10; Reply. at 1.  Given that the hearing for final settlement approval is set for December 4, only two days after the pending motions in this case were scheduled to be heard, the stay will be temporary and limited in duration.

Additionally, there is no showing of any plausible damage from a stay.  Plaintiffs argue that witnesses' memories may fade and putative class member declarants may "move, change their phone number or email address, or otherwise become unreachable to Plaintiffs' counsel."  Opp. at 13.  The Court finds these tenuous arguments particularly unpersuasive in light of the limited nature of the stay.  The Court is similarly unpersuaded by Plaintiffs' arguments about alleged harm to the interests of non-parties or the public.  *See id.* at 20–21.  These arguments are largely premised on the purported unfairness of the *Chalian* settlement agreement, which is subject to an approval process and fairness evaluation by that court.  *See In re JPMorgan Chase LPI Hazard Litig.*, No. C-11-03058 JCS, 2013 WL 3829271, at *4 (N.D. Cal. July 23, 2013) (rejecting plaintiffs' allegations of damage based on "sweetheart settlement" because "[t]he fairness of any settlement" in a separate proceeding entailing approval processes "is not an issue properly before" the court granting the stay).

Accordingly, the Court **GRANTS** Defendants' motion to stay and **VACATES** the hearing set for December 2, 2020.[1]  The Court **DIRECTS** the parties to file a notice within 48 hours of the grant or denial of the final approval motion in *Chalian*.

**IT IS SO ORDERED.**

Dated:11  11/24/2020

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge

---

[1] Defendants filed a request for judicial notice in support of their motion to stay.  Dkt. No. 133. Plaintiff filed no opposition.  The Court **GRANTS** the entirety of Defendants' request, which concerns court records filed in the *Chalian* proceeding.  *See U.S. ex rel. Robinson Rancheria Citizens Council v. Borneo*, Inc., 971 F.2d 244, 248 (9th Cir.1992) ("We may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.") (internal quotation marks omitted).

United States District Court
Northern District of California