UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

RYAN HYAMS, et al.,

    Plaintiffs,

v.

CVS HEALTH CORPORATION, et al.,

    Defendants.

Case No. 18-cv-06278-HSG

**ORDER DENYING ADMINISTRATIVE MOTION TO SEAL**

Re: Dkt. No. 102

Pending before the Court is Plaintiffs' administrative motion to file documents under seal. Dkt. No. 102. For the reasons set forth below, the Court **DENIES** the motion.

### I.    LEGAL STANDARD

Courts generally apply a "compelling reasons" standard when considering motions to seal documents. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) (quoting *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006)). "This standard derives from the common law right 'to inspect and copy public records and documents, including judicial records and documents.'" *Id.* (quoting *Kamakana*, 447 F.3d at 1178). "[A] strong presumption in favor of access is the starting point." *Kamakana*, 447 F.3d at 1178 (quotations omitted). To overcome this strong presumption, the party seeking to seal a judicial record attached to a dispositive motion must "articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process" and "significant public events." *Id.* at 1178–79 (quotations omitted). "In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public

scandal, circulate libelous statements, or release trade secrets." *Id.* at 1179 (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)). "The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id.*

The Court must "balance[] the competing interests of the public and the party who seeks to keep certain judicial records secret. After considering these interests, if the court decides to seal certain judicial records, it must base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture." *Id.* Civil Local Rule 79-5 supplements the compelling reasons standard set forth in *Kamakana*: the party seeking to file a document or portions of it under seal must "establish[] that the document, or portions thereof, are privileged, protectable as a trade secret or otherwise entitled to protection under the law . . . The request must be narrowly tailored to seek sealing only of sealable material." Civil L.R. 79-5(b).

Records attached to nondispositive motions must meet the lower "good cause" standard of Rule 26(c) of the Federal Rules of Civil Procedure, as such records "are often unrelated, or only tangentially related, to the underlying cause of action." *See Kamakana*, 447 F.3d at 1179–80 (quotations omitted). This requires a "particularized showing" that "specific prejudice or harm will result" if the information is disclosed. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002); *see also* Fed. R. Civ. P. 26(c). "Broad allegations of harm, unsubstantiated by specific examples of articulated reasoning" will not suffice. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992) (quotation omitted).

**II.    DISCUSSION**

Plaintiffs filed an administrative motion to file under seal various exhibits to the Declaration of Beth Gunn in Support of Plaintiffs' Motion for Class Certification. *See generally* Mot. (seeking to seal Exs. 3–20, 22–28, 30, 32, 33, 35, 37–41, 43–46, 48, 50–54, 56, 58, 61, 67–68, 74, 78–79, 87–97). Because the motion for class certification is more than tangentially related to the underlying action, the Court applies the "compelling reasons" standard in evaluating the motion to seal. The proffered justification for sealing the entirety of all documents is that the information was designated as "Confidential" by Defendants. *See generally id*. But a designation

of confidentiality is not sufficient to establish that a document is sealable.  *See* Civ. L. R. 79-5(d)(1)(A).  "Confidential" is merely the parties' initial designation of confidentiality to establish coverage under the stipulated protective order.  *See Verinata Health, Inc. v. Ariosa Diagnostics, Inc.*, No. 12-cv-05501-SI, 2015 WL 5117083, at *5 (N.D. Cal. Aug. 31, 2015) ("But good cause 'cannot be established simply by showing that the document is subject to a protective order or by stating in general terms that the material is considered to be confidential'") (quoting *Bain v. AstraZeneca LP*, No. 09-cv-4147, 2011 WL 482767, at *1 (N.D. Cal. Feb. 7, 2011)).  Thus, Plaintiffs' motion does not comply with Civil Local Rule 79-5(d)(1)(A).  In addition, as the designating party for the materials, Defendants did not comply with Civil Local Rule 79-5(e)(1), because they did not file a declaration within four days of Plaintiffs' motion.  *See* Civ. L.R. 79-5(e)(1).  Accordingly, the Court **DENIES** the request to seal any of these exhibits on the basis of a designation of "Confidential."

Plaintiffs also seek to seal Exhibit 79, Plaintiff Ryan Hyams' pay records, on the basis that these records constitute "sensitive information."  Mot. at 8.  Plaintiffs rely on Exhibit 79 as an example of a wage statement that serves as common evidence in support of their Labor Code section 226 claim.  *See* Dkt. No. 101 at 31; *see also* Dkt. No. 120 at 22 ("Plaintiffs also seek to certify a wage statement claim on grounds that Plaintiff Hyams' wage statements do not specify the hourly rate of pay for each separate earnings code.").  Plaintiffs point to California Labor Code Section 432.3, which prohibits an employer from "seek[ing] salary history information . . . about an applicant" or "rely[ing] on the salary history information of an applicant . . . as a factor in determining whether to offer employment . . . or what salary to offer an applicant."  Cal. Labor Code § 432.3(a)-(b).  Plaintiffs argue that because Exhibit 79 contains Plaintiff Hyams' salary information, it "should not be available to the public in a searchable database."  Mot. at 8.

In filing a motion to seal, the burden is on the moving party to justify in detail, with citations to any relevant declarations and supporting legal authority, the sealing of *each* fact for which sealing is sought.  Notably, at least some of the information in the pay records does not reflect Plaintiff Hyams' salary information, such as the labels describing the type of earnings and amounts that are reflected as zero.  Plaintiffs thus fail to comply with Civil Local Rule 79-5(b),

3

which requires that the "request must be narrowly tailored to seek sealing only of sealable material." Accordingly, the motion to seal Exhibit 79 in its entirety is **DENIED**. *See Ehret v. Uber Techs., Inc.*, No. 14-CV-00113-EMC, 2015 WL 12977024, at *2 (N.D. Cal. Dec. 2, 2015) (denying motion to seal entirety of spreadsheet reflecting employees' earnings, but finding "majority of the document may be redacted," with the exception of "pertinent information . . . relevant to the merits of the case.").

### III.  CONCLUSION

The Court **DENIES** Plaintiffs' administrative motion to file under seal, and **DIRECTS** Plaintiffs to file public versions of all documents for which the proposed sealing has been denied within seven days of this order. Plaintiffs may also file a new motion to seal that comports with the requirements discussed above within seven days of this order.

**IT IS SO ORDERED.**

Dated: 3/18/2021

HAYWOOD S. GILLIAM, JR.
United States District Judge