UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RYAN HYAMS, et al.,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>CVS HEALTH CORPORATION, et al.,<br><br>　　　　Defendants. | Case No. 18-cv-06278-HSG<br><br>**ORDER GRANTING ADMINISTRATIVE MOTION TO SEAL**<br><br>Re: Dkt. No. 187 |

Before the court is Defendants' renewed administrative motion to file documents under seal. Dkt. No 187. The Court previously denied Defendants' motions to seal, then stayed the public filing of the documents and directed the parties to file renewed motions that comply with the Civil Local Rules. *See* Dkt. No. 168. The Court now **GRANTS** the motion.

## I.  LEGAL STANDARD

Courts generally apply a "compelling reasons" standard when considering motions to seal documents. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) (quoting *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006)). "This standard derives from the common law right 'to inspect and copy public records and documents, including judicial records and documents.'" *Id.* (quoting *Kamakana*, 447 F.3d at 1178). "[A] strong presumption in favor of access is the starting point." *Kamakana*, 447 F.3d at 1178 (quotations omitted). To overcome this strong presumption, the party seeking to seal a judicial record attached to a dispositive motion must "articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process" and "significant public events." *Id.* at 1178–79 (quotations omitted). "In general, 'compelling reasons' sufficient to outweigh the public's interest in

1  disclosure and justify sealing court records exist when such 'court files might have become a
2  vehicle for improper purposes,' such as the use of records to gratify private spite, promote public
3  scandal, circulate libelous statements, or release trade secrets." *Id.* at 1179 (quoting *Nixon v.*
4  *Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)). "The mere fact that the production of records
5  may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not,
6  without more, compel the court to seal its records." *Id.*

7  The Court must "balance[] the competing interests of the public and the party who seeks to
8  keep certain judicial records secret. After considering these interests, if the court decides to seal
9  certain judicial records, it must base its decision on a compelling reason and articulate the factual
10 basis for its ruling, without relying on hypothesis or conjecture." *Id.* Civil Local Rule 79-5
11 supplements the compelling reasons standard set forth in *Kamakana*: the party seeking to file a
12 document or portions of it under seal must explain "(i) the legitimate private or public interests
13 that warrant sealing; (ii) the injury that will result if sealing is denied; and (iii) why a less
14 restrictive alternative to sealing is not sufficient." Civil L.R. 79-5(c)(1). The request must be
15 "narrowly tailored to seal only the sealable material." *Id.* at 79-5(c)(3).

16 Records attached to nondispositive motions must meet the lower "good cause" standard of
17 Rule 26(c) of the Federal Rules of Civil Procedure, as such records "are often unrelated, or only
18 tangentially related, to the underlying cause of action." *See Kamakana*, 447 F.3d at 1179–80
19 (quotations omitted). This requires a "particularized showing" that "specific prejudice or harm
20 will result" if the information is disclosed. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*,
21 307 F.3d 1206, 1210–11 (9th Cir. 2002); *see also* Fed. R. Civ. P. 26(c). "Broad allegations of
22 harm, unsubstantiated by specific examples of articulated reasoning" will not suffice. *Beckman*
23 *Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992) (quotation omitted).

24 **II.    DISCUSSION**

25 Defendants seek to seal numerous exhibits in support of Plaintiffs' motion for class
26 certification in their entirety. Because the motion for class certification is more than tangentially
27 related to the underlying action, the Court applies the "compelling reasons" standard. The Court
28 finds that Defendants have established compelling reasons to grant the motion to file under seal.

The documents comprise internal CVS business documents. They include incentive plans, audit training documents, employee and customer survey results, and documents related to CVS's scheduling software and budgeting and workflow programs. *See generally* Dkt. No. 187. Defendants argue that the exhibits contain confidential and proprietary business information that could be used to gain a competitive advantage if unsealed.

The Court agrees that public disclosure of these confidential business materials could result in improper use by business competitors. These documents include compensation information, business analysis, market research, and strategic planning. Some of the documents contain detailed descriptions of CVS's internal software, as well as research and data on customers and employees. These documents could be used by those "seeking to replicate [] business practices and circumvent the time and resources necessary in developing their own practices and strategies." *See Algarin v. Maybelline*, LLC, No. 12CV3000 AJB DHB, 2014 WL 690410, at *3 (S.D. Cal. Feb. 21, 2014). Courts have found that "confidential business information" in the form of "license agreements, financial terms, details of confidential licensing negotiations, and business strategies" satisfies the "compelling reasons" standard. *See In re Qualcomm Litig.*, No. 3:17-cv-0108-GPC-MDD, 2017 WL 5176922, at *2 (S.D. Cal. Nov. 8, 2017) (observing that sealing such information "prevent[ed] competitors from gaining insight into the parties' business model and strategy").

### III.   CONCLUSION

Accordingly, the Court **GRANTS** the administrative motion. Dkt. No. 187. Documents filed under seal as to which the administrative motions are granted will remain under seal. *See* Civ. L.R. 79-5(g)(1).

**IT IS SO ORDERED.**

Dated:   3/15/2023

HAYWOOD S. GILLIAM, JR.
United States District Judge